COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-345-CV

  
MICHAEL CONRAD SICKING                                                   APPELLANT
 
V.
 
SHELLA DARLENE SICKING                                                       APPELLEE
 
------------
 
FROM THE 235TH DISTRICT COURT 
OF COOKE COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        The 
trial court signed the final divorce decree on November 14, 2001. Appellant 
Michael Conrad Sicking pursued a restricted appeal from the divorce decree in 
which we affirmed the trial court. Sicking v. Sicking, No. 02-01-00391-CV 
(Tex. App.—Fort Worth Nov. 27, 2002, pet. denied) (memo op., not designated 
for publication).
        On 
November 25, 2003, appellant filed a notice of appeal from the divorce decree 
and a motion to extend time to file the notice of appeal. Tex. R. App. P. 26.1, 26.3. In the motion to extend 
time, appellant claims he is appealing from a July 25, 2003 trial court order 
denying his motion for delivery of property. No such order is included in either 
the trial court’s or this court’s record.
        On 
December 12, 2003, we notified appellant that we were concerned this court may 
not have jurisdiction over this appeal because it appears there is no final 
judgment. We also informed appellant that the appeal would be dismissed for want 
of jurisdiction unless appellant or any party desiring to continue the appeal 
filed with the court a response showing grounds for continuing the appeal. In 
his response, appellant states that, because the divorce decree is a final 
judgment, he is entitled to appeal the subsequent denial of his motion for 
delivery of property. He fails to provide evidence that the trial court took any 
action on the motion, much less that if it had done so, the order would be a 
final judgment or appealable interlocutory order. Thus, he has failed to show 
grounds for continuing the appeal.
        The 
times for filing a notice of appeal are jurisdictional in this court, and absent 
a timely filed notice of appeal or extension request, we must dismiss the 
appeal. See Tex. R. App. P. 2, 25.1(b), 26.3; Verburgt v. 
Dorner, 959 S.W.2d 615, 617 (Tex. 1997) (holding once extension period has 
passed, a party can no longer invoke an appellate court’s jurisdiction). 
Because almost two years passed between the signing of the divorce decree and 
the filing of appellant’s notice of appeal, the notice of appeal was untimely.
        We 
deny the motion for extension of time to file notice of appeal and dismiss this 
appeal for want of jurisdiction because the notice of appeal and the extension 
request were untimely filed.
  
                                                          PER 
CURIAM
  
   
PANEL D:   GARDNER, 
DAUPHINOT, and HOLMAN, JJ.

 
DELIVERED: February 19, 2004

 
NOTES
1.  See 
Tex. R. App. P. 47.4.